UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BERNHARD VOGELMANN,

                     Plaintiff,

         - against -

COMMISSIONER OF SOCIAL
SECURITY,

                     Defendant.

**ORDER**

15 Civ. 8717 (PGG) (KNF)

PAUL G. GARDEPHE, U.S.D.J.:

         On November 5, 2015, Plaintiff Bernhard Voeglmann filed the Complaint in this action, seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying him disability insurance benefits. (Dkt. No. 2) On March 24, 2016, this Court remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (Dkt. No. 10) On December 12, 2017, Plaintiff's attorney received a notification from the Social Security Administration that it was "withholding the amount of $9,910.50, which represents the balance of the 25 percent of the [Plaintiff's] past-due benefits . . . in anticipation of direct payment of an authorized attorney's fee." (Fee App. (Dkt. No. 15) Ex. B at 2)

         On April 3, 2018, Plaintiff's counsel filed a motion for $3,060 in attorney's fees. (Fee App. (Dkt. No. 15) at 4) The Commissioner objects to this application, arguing that the proper amount for an attorney's fee award is $1,210. (Apr. 11, 2018 Ltr. (Dkt. No. 16) at 1) Both sides agree, however, that $500 of any attorney's fee award received by Plaintiff's counsel should be refunded to Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"). (Id. at 2; Fee App. (Dkt. No. 15-2) at 4)

**DISCUSSION**

I.  **APPLICABLE LAW**

Title 42, United States Code, Section 406(b) permits a court to grant a reasonable fee to an attorney who successfully represents a client in a Social Security action, to be paid out of the client's award of past-due benefits, provided that the award is not in excess of 25% of the total of the past-due benefits owed to the client.  42 U.S.C. § 406(b); see Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Where the client and his counsel have entered into a contingency fee agreement, a district court "must begin with the agreement, and . . . may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable."  Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).  Here, Plaintiff and his attorney entered into a fee agreement on March 14, 2016, providing that Plaintiff's counsel would be entitled to "25% of [the] past-due benefits for representing [Plaintiff] in federal court."  (Fee App. (Dkt. No. 15-1) Ex. A at 2)  Plaintiff's counsel concedes, however, that application of this provision would result in a "windfall" of $9,910.50.  Counsel instead proposes an attorney's fee award of $3,060.  (Fee App. (Dkt. No. 15) at 2-3)

Given counsel's concession that application of the contingency fee arrangement would result in a windfall, the "traditional lodestar method" applies.  See Wells, 907 F.2d at 371.  In determining a reasonable fee award, the starting point is the calculation of the "presumptively reasonable fee."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008).  This "initial estimate" is calculated by multiplying "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433

2

(1983).  "In determining a reasonable rate, a court 'may rely on its own knowledge of comparable rates charged by lawyers in the district.'" Merck Eprova AG v. Brookstone Pharm., LLC, No. 09 Civ. 9684 (RJS), 2013 WL 3146768, at *1 (S.D.N.Y. June 10, 2013) (quoting Morris v. Eversley, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004)).  In exercising its discretion, the Court must "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant," including "[t]he reasonable hourly rate . . . a paying client would be willing to pay," "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190 (emphasis in original).  Courts also consider "the complexity and difficulty of the case, . . . the resources required to prosecute the case effectively. . . , the timing demands of the case, . . . and other returns (such as reputation, etc.) that an attorney might expect from the representation." Id. at 184.

"Following the determination of the presumptively reasonable fee, the court must then consider whether an upward or downward adjustment of the fee is warranted based on factors such as the extent of [movant's] success in the litigation." Robinson v. City of New York, No. 05 Civ. 9545 (GEL), 2009 WL 3109846, at *3 (S.D.N.Y. Sept. 29, 2009).  A court need not "'become enmeshed in a meticulous analysis of every detailed facet of the professional representation'" to determine the proper award, Seigal v. Merrick, 619 F.2d 160, 164 n.8 (2d Cir. 1980) (quoting Lindy Bros. Builders, Inc. of Phila. v. Am. Radiator & Standard Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976)), nor should "[a] request for attorney's fees . . . result in a second major litigation." Hensley, 461 U.S. at 437.  The burden is ultimately on the movant to demonstrate the reasonableness of the hours spent and rates asserted.  See id.

3

While a court may adjust the presumptively reasonable fee amount, there remains throughout the fee determination process "[a] strong presumption that [this initial calculation] . . . represents a 'reasonable' fee." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986); accord Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994).

## II.   ANALYSIS

Plaintiff's counsel has requested $3,060 in attorney's fees, which would be reduced by $500 pursuant to the EAJA. (Fee App. (Dkt. No. 15) at 3)  The requested $3,060 in attorney's fees is less than 25% of the past-due benefits owed to Plaintiff.  See Id. 2-3.  Accordingly, the fee request falls within the permissible bounds of the statute. 42 U.S.C. § 406(b).

In support of his fee application, Plaintiff's counsel has submitted detailed billing records reflecting a total of 3.60 hours spent on Plaintiff's case.  (Fee App. (Dkt. No. 15-3) Ex. C)  Although counsel has not submitted any information concerning his background and experience, at least one court in this Circuit has found that where, as here, "the Commissioner stipulated to a remand of Plaintiff's case[,] [this] supports a finding that Plaintiff's case was handled efficiently due to [his attorney's] experience in handling social security cases."  Trupia v. Astrue, No. 05 Civ. 6085 (SJF), 2008 WL 858994, at *4 (E.D.N.Y. Mar. 27, 2008).  Moreover, the fact that counsel obtained this result while billing only 3.60 hours suggests both experience and efficiency in handling such matters.

Practitioners handling Social Security matters typically use contingency fee arrangements, see, e.g., Blizzard v. Astrue, 496 F. Supp. 2d 320, 323-24 (S.D.N.Y. 2007); Benson v. Astrue, No. 04 Civ. 8358 (CM) (LMS), 2009 WL 82581 at *2

4

(S.D.N.Y. Jan. 6, 2009); Boyd v. Barhnart, No. 97 Civ. 7273 (SJ), 2002 WL 32096590 at *1 (E.D.N.Y. Oct. 24, 2002); Trupia, 2008 WL 858994 at *1, and courts in this Circuit analyze the reasonableness of those contingency fee agreements with reference to the "net hourly rate" resulting from application of these agreements.  See Blizzard, 496 F. Supp. 2d at 323-24.  In doing so, courts in this district have found fee requests to be reasonable where the net hourly rates were as high as $705.  Id. ($705 net hourly rate did not render contingency fee award unreasonable; noting nationwide "net hourly rates [in Social Security cases] . . . rang[ing] from $20.31 per hour to $982 per hour").

This Court finds that Plaintiff's proposed $850 hourly rate is unreasonable.  In the present case, Plaintiff's counsel filed a two-page Complaint (Dkt. No. 2) and did not file a legal brief, since the parties ultimately stipulated to a remand of the matter (Dkt. No. 10).  However, given the efficiency with which Plaintiff's case was handled, and the net hourly rates found to be reasonable by other courts in this Circuit, this Court determines that a $600 hourly rate is reasonable.  This Court likewise concludes that the time counsel spent obtaining this result – 3.60 hours – is reasonable.  Accordingly, the Court concludes that an award of $2,160 is reasonable.

## CONCLUSION

For the reasons stated above, Plaintiff's counsel is granted an attorney's fee award of $2,160, with $500 of that sum to be refunded to Plaintiff pursuant to the EAJA. The Clerk of Court is directed to terminate the motion (Dkt. No. 14) and to close this case.

Dated: New York, New York   SO ORDERED.
      December 28, 2021

_____
Paul G. Gardephe
United States District Judge

5